# Exhibit "A"



## CR&D
Carpenter, Rothans & Dumont LLP

500 SOUTH GRAND AVENUE, 19TH FLOOR
LOS ANGELES, CALIFORNIA 90071
T: 213.228.0400
F: 213.228.0401
www.crdlaw.com

JONATHAN D. REDFORD, ESQ.
jredford@crdlaw.com

August 20, 2019

**VIA U.S. MAIL, FACSIMILE AND EMAIL**

Greg L. Kirakosian
KIRAKOSIAN LAW, APC
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, California 90017-3411

      RE:    **ANTRANIK MINASSIAN, et al. v. CITY OF MONTEBELLO, et al.**
            U.S.D.C. Case No.    2:19-cv-06769-MWF-MAA
            Date of Loss:        March 1, 2019
            Our File No.:         MONT 1002

Dear Mr. Kirakosian:

Please be advised that we are in receipt of Plaintiffs ANTRANIK MINASSIAN, DANNY MINASSIAN and MARIE MINASSIAN's Complaint for Damages, and that our office will be representing Defendant CITY OF MONTEBELLO in the above-entitled litigation. As such, please direct all pleadings and correspondence to our office.

Please allow this to serve as Defendant City of Montebello's initial formal Meet and Confer attempt, pursuant to the provisions United States District Court, Central District Local Rule 7-3, prior to the bringing of a Motion to Dismiss to the Complaint filed by Plaintiffs [pursuant to the provisions of Federal Rules of Civil Procedure, Rule 12(b)(6)].

*Greg L. Kirakosian, Esq.*
*Antranik Minassian, et al. v. City of Montebello, et al.*
*August 20, 2019*
Page: 2

Defendant City has identified the following deficiencies and inadequacies in Plaintiff's Complaint for Damages:

1. Plaintiff's Fifth Claim for Governmental/*Monell* Liability [pursuant to 42 U.S.C. § 1983] fails as a matter of law as against Defendant CITY OF MONTEBELLO, as the Complaint fails to allege <u>facts</u> [rather than conclusory allegations] sufficient to give rise to a viable *Monell* claim [under any theory: ratification; failure to train; unconstitutional custom or policy]. It is Defendant CITY's position that the Complaint is devoid of the requisite facts to support a claim under this theory and that the plaintiff cannot rely solely on legal conclusions and conclusory allegations in order to withstand a dismissal of these claims. See Dougherty v. City of Covina, 654 F.3d 892 (9th Cir. 2011). Indeed, "**courts have repeatedly rejected conclusory Monell allegations that lack factual content from which one could plausibly infer Monell liability**." Wilson ex rel. Bevard v. City of W. Sacramento, No. CIV. 2:13-2550 WBS, 2014 WL 1616450, at *1 (E.D. Cal. Apr. 22, 2014) (citing Rodriguez v. City of Modesto, 535 Fed. Appx. 643, 646 (9th Cir. 2013)) (emphasis added); see Via v. City of Fairfield, 833 F. Supp. 2d 1189, 1196 (E.D. Cal. 2011) (dismissing plaintiff's Monell claim because it was based on conclusory allegations, noting that after Iqbal, "courts have repeatedly rejected such conclusory allegations that lack factual content from which one could plausibly infer Monell liability," and collecting cases); Stanley v. Goodwin, 475 F. Supp. 2d 1026, 1038 (D. Haw. 2006) (concluding that plaintiff's "bald allegations" regarding a store's policies were insufficient to support a section 1983 claim in the absence of specific facts showing that the store participated in a practice that deprived individuals of their constitutional rights).

2. Plaintiff's Sixth Claim for False Arrest/False Imprisonment fails as a matter of law where there are not sufficient factual allegations to establish that said Defendants are liable under this theory. I believe that at best the facts alleged regarding the subject incident involve a detention of the decedent and did not ever become an actual or de facto arrest.

I propose that we conduct any necessary pre-motion conference via telephone [(213) 228-0400] on **Thursday, August 22, 2019 [morning] or Friday, August 23, 2019**. I apologize for the short notice, but the timing restrictions of federal court so dictate.

Alternatively, please advise if you are willing to enter into a Stipulation which would dismiss any of the theories of liability discussed above, or if you believe that additional time is needed to meaningfully meet and confer regarding these issues if you are unavailable to meet and confer on the dates referenced above. In that scenario, we would need to enter a stipulation to extend the deadline for my client to respond to the Complaint.

*Greg L. Kirakosian, Esq.*
*Antranik Minassian, et al. v. City of Montebello, et al.*
*August 20, 2019*
*Page: 3*

Thank you for your anticipated professional courtesy and cooperation in this matter.

Very truly yours,

JONATHAN D. REDFORD
JDR/em

P. 1

\* \* \* Communication Result Report ( Aug. 20. 2019 3:02PM ) \* \* \*

1)
2)

Date/Time: Aug. 20. 2019  3:01PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 2414 | Memory TX | G3-AT :912134772355 | P. 4 | OK | |

Reason for error
 E. 1) Hang up or line fail            E. 2) Busy
 E. 3) No answer                        E. 4) No facsimile connection
 E. 5) Exceeded max. E-mail size        E. 6) Destination does not support IP-Fax



**CR&D**
Carpenter, Rothans & Dumont LLP

500 SOUTH GRAND AVENUE, 19TH FLOOR
LOS ANGELES, CALIFORNIA 90071
T: 213.228.0400
F: 213.228.0401
www.crdlaw.com

**FACSIMILE COVER SHEET**

TO:       Greg L. Kirakosian
FAX NO.:  (213) 477-2355
FROM:     Jonathan D. Redford
DATE:     August 20, 2019
PAGES:    4 (including cover)
RE:       Antranik Minassian, et al. v. City of Montebello, et al.

Please see attached correspondence.

CONFIDENTIALITY NOTICE: This communication and its attachments may contain non-public, confidential or legally privileged information. The unlawful interception, use or disclosure of such information is prohibited. If you are not the intended recipient, or have received this communication in error, please notify the sender immediately and dispose of all copies of this communication and attachments without reading or saving them.