UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**   CV 19-6769-MWF-MAA                          **Date:**  October 29, 2019
**Title:**      Antranik Minassian et al. v. City of Montebello et al.

**Present:**   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

<u>Deputy Clerk:</u>                                   <u>Court Reporter:</u>
Rita Sanchez                                     Not Reported

<u>Attorneys Present for Plaintiff:</u>            <u>Attorneys Present for Defendant:</u>
None Present                                     None Present

**Proceedings (In Chambers):**   ORDER RE: DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT [8]

    Before the Court is Defendant City of Montebello's ("Montebello") Motion to Dismiss Count Five of Plaintiffs' Complaint (the "Motion"), filed on August 29, 2019. (Docket No. 8).  Plaintiffs Antranik Minassian, Danny Minassian, and Marie Minassian filed an Opposition on September 9, 2019.  (Docket No. 10).  Montebello filed a Reply on September 16, 2019.  (Docket No. 11).  Montebello seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    The Motion was noticed to be heard on September 30, 2019.  The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.

    For the reasons set forth below, the Motion is **GRANTED** *with leave to amend*. Plaintiffs do not allege the requisite *facts*, as opposed to *legal conclusions*, that (1) Montebello ratified any of the police officers' alleged unlawful actions; (2) Montebello's training, or lack thereof, contributed to the officers' alleged unlawful actions; or (3) that Montebello's alleged unlawful policies contributed to the officers' alleged unlawful actions.

---

**CIVIL MINUTES—GENERAL**                                                                                        1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-6769-MWF-MAA                        Date:  October 29, 2019
Title:      Antranik Minassian et al. v. City of Montebello et al.

## I.   BACKGROUND

On August 5, 2019, Plaintiffs filed this civil rights and wrongful death action pursuant to 42 U.S.C. section 1983 and various state tort claims.  (*See generally* Complaint (Docket No. 1)).  Before initiating this action, Plaintiffs filed a comprehensive and timely claim for damages with the City of Montebello pursuant to the applicable sections of the California Government Code.  (Complaint ¶ 19).  Having received no written rejection, that claim was rejected by operation of law.  (*Id.*).  The following facts are based on the Complaint, which the Court assumes are true and construes any inferences arising from those facts in the light most favorable to Plaintiff.  *See, e.g.*, *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (restating generally-accepted principle that "[o]rdinarily, when we review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a plaintiff's allegations as true 'and construe them in the light most favorable' to the plaintiff") (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009)).

Decedent David Minassian was an individual residing in Montebello.  (Complaint ¶ 5).  Plaintiff Antranik Minassian is Decedent's surviving father, who also lives in Montebello.  (*Id.* ¶ 6).  Plaintiff Danny Minassian is Decedent's surviving brother and lives in Montebello.  (*Id.* ¶ 7).  Plaintiff Marie Minassian is Decedent's surviving sister and lives in Montebello.  (*Id.* ¶ 8).  All three Plaintiffs are suing both in their individual capacities and in representative capacities as a successor in interest to Decedent.  (*Id.* ¶¶ 6-8).  Montebello is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Montebello Police Department and its agents and employees.  (*Id.* ¶ 9).  The identity of the Montebello Police Officers whose conduct is described below are currently unknown, and are thus named as the "DOE Officers."  (*Id.* ¶ 10).

In the morning of March 1, 2019, at around 2:00 a.m., Marie Minassian heard her brother, the Decedent, choking and gasping for air.  (*Id.* ¶ 22).  Decedent was unable to breathe and was bleeding from his nose and mouth.  (*Id.*).  Marie is a certified Emergency Medical Technician and a trained first responder, and using her

| **CIVIL MINUTES—GENERAL** | 2 |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-6769-MWF-MAA                    Date:  October 29, 2019
Title:    Antranik Minassian et al. v. City of Montebello et al.

training, she immediately administered aid until Decedent became responsive.  (*Id.*).  Decedent was continuing to struggle to breathe, but was stable.  (*Id.*).  Decedent's father and brother were also awake and at this point were assisting Decedent.  (*Id.*).

At around 2:02 a.m., Marie called 911 to the City of Montebello and requested ambulatory and/or medical assistance.  (*Id.* ¶ 23).  On the call, Marie described Decedent's emergency medical condition, provided her address, and hung up.  (*Id.*).  Several minutes after Marie's call, three police officers from the Montebello Police Department arrived and entered the home, and no medical personnel accompanied them.  (*Id.* ¶ 24).  When the officers entered, Plaintiffs were assisting Decedent to make sure his air pathways were clear and he was able to breathe, because he was still in critical condition.  (*Id.*).

Instead of helping keep Decedent stable, the DOE Defendants grabbed Decedent, held him down, turned him on his stomach, put their body weight on him, handcuffed him, and arrested him without good, legal, or justifiable cause.  (*Id.* ¶ 25).  At the time he was arrested, Decedent posed no threat whatsoever, and was instead struggling to breathe, was bleeding, and was in critical need of medical treatment.  (*Id.*).  Making matters worse, the DOE Defendants did not timely summon medical care or permit medical personnel to treat Decedent, and their actions caused Decedent "extreme physical and emotional pain and suffering, and was a contributing cause of [Decedent]'s death."  (*Id.*).

During this time, Plaintiffs, in shock, continued to inform the DOE Defendants that they had called for medical help, which Decedent needed, and that DOE Defendants' actions of holding Decedent on the ground, handcuffed, with their weight on him were interfering with Decedent's ability to breathe.  (*Id.* ¶ 26).  Plaintiffs "begged" that the DOE Defendants stop their conduct, to no avail.  (*Id.*).  While this was happening, Decedent was stating that he could no longer breathe, and he was continuing to bleed from his nose and mouth.  (*Id.*).  Even when more DOE Police Officers entered the home and surrounded Plaintiffs and Decedent, nothing changed.  (*Id.* ¶ 27).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-6769-MWF-MAA            **Date:** October 29, 2019
**Title:**     Antranik Minassian et al. v. City of Montebello et al.

As this continued, Plaintiffs attempted to call 911 again and also record the DOE Police Officer's harmful conduct. (*Id.* ¶ 28). However, the DOE Police Officers demanded that Plaintiffs keep their phones away, "or else." (*Id.*). As a result, Plaintiffs were forced to wait and watch as Decedent remained handcuffed on the ground, gasping for air, stating repeatedly "help" or "I can't breathe." (*Id.* ¶ 29). Plaintiffs watched for nearly ten minutes before Decedent became completely unresponsive. (*Id.*). Finally, at approximately 2:25 a.m., either the Paramedics arrived on the scene or the DOE Police Officers allowed the paramedics to enter the residence. (*Id.*). Upon entering, the paramedics checked the vital signs of Decedent and informed all parties that Decedent had expired; they did not provide any emergency treatment or try to revive Decedent. (*Id.*).

Based on the allegations above, Plaintiffs assert ten claims for relief: (1) violation of civil rights for wrongful death pursuant to 42 U.S.C. section 1983; (2) violation of civil rights for search and seizure pursuant to 42 U.S.C. section 1983; (3) violation of civil rights for excessive force pursuant to 42 U.S.C. section 1983; (4) violation of civil rights for denial of medical care pursuant to 42 U.S.C. section 1983; (5) violation of civil rights based on a *Monell* claim pursuant to 42 U.S.C. section 1983; (6) false arrest and imprisonment; (7) negligence; (8) violation of the Bane Act pursuant to California Civil Code section 52.1; (9) intentional infliction of emotional distress; and (10) negligent infliction of emotional distress. (*Id.* ¶¶ 42-137).

For Plaintiffs' Fifth Claim, the only claim challenged by the Motion, Plaintiffs allege three different theories of liability. (*Id.* ¶¶ 79-86):

*Ratification*. Plaintiffs allege that "a final policy maker, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOE Officers, ratified (or will ratify) Defendants DOE Officers' acts and bases for them" and also "specifically approved of (or will specifically approve of) Defendants DOE Officers' Acts." (*Id.* ¶ 79). Plaintiffs also allege that "a final policy maker has determined (or will determine) that the act of Defendants DOE Officers were 'within policy.'" (*Id.* ¶ 80). Finally, Plaintiffs allege that "Defendants DOE Officers were not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-6769-MWF-MAA					Date:  October 29, 2019
Title:	Antranik Minassian et al. v. City of Montebello et al.

disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Decedent's death."  (*Id*. ¶ 81).

*Failure to Train*.  Plaintiffs allege that the "training policies of . . . Montebello were not adequate to train its officers to handle the usual and recurring situations with which they must deal."  (*Id*. ¶ 82).  Plaintiffs further allege under this theory that Montebello "was deliberately indifferent to the obvious consequences of its failure to train its officers adequately."  (*Id*. ¶ 83).  Finally, Plaintiffs allege that this failure "caused the deprivation of the rights of Decedent and Plaintiff[s] by Defendants DOE Officers."  (*Id*. ¶ 84).

*Unconstitutional Custom or Policy*.  Plaintiffs allege under this theory that Montebello, along with its policymakers and supervisors, maintained many unconstitutional customs, practices, and policies, including: (i) using excessive force, including excessive deadly force; (ii) providing inadequate training regarding the use of deadly force; (iii) employing and retaining officers such as Defendants DOE Officers whom Montebello knew or should have known had dangerous propensities for abusing their authority and for using excessive force; (iv) inadequately supervising, training, controlling, assigning, and disciplining Montebello officers and other personnel who Montebello knew or should have known had the aforementioned propensities and character traits; (v) maintaining inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by Montebello officers; (vi) failing to adequately discipline Montebello officers for the above referenced categories of misconduct; (vii) announcing that unjustified shootings are 'within policy,'" (viii) refusing to discipline, terminate, or retrain the officers involved when shootings were determined to be unconstitutional; (ix) encouraging, accommodating, or facilitating a "blue code of silence" whereby police officers do not report on each other; and (x) maintaining a policy of inaction and an attitude of indifference towards police shootings.  (*Id*. ¶ 86).  As support for these allegations, Plaintiffs cite prior jury verdicts.  (*Id*. ¶ 87).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-6769-MWF-MAA				Date:  October 29, 2019
Title:	Antranik Minassian et al. v. City of Montebello et al.

## II.	LEGAL STANDARD

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).  "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief.  *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).  Where the facts as pleaded in the complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation.  Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-6769-MWF-MAA			Date:  October 29, 2019
Title:	Antranik Minassian et al. v. City of Montebello et al.

render plaintiffs' allegations plausible." *Eclectic Props.*, 751 F.3d at 996-97; *see also Somers*, 729 F.3d at 960.

## III.  DISCUSSION

Defendant argues that the Fifth Claim should be dismissed because Plaintiffs have not set forth ***specific facts***, as opposed to ***legal conclusions***, in their Complaint to establish that (1) Montebello held a policy, custom, or practice of depriving individuals of their constitutional rights, (2) the alleged custom, practice, or policy held by Montebello was the cause and moving force behind the alleged violations, (3) the purported failure of Montebello to train its police officers was the cause and moving force behind the alleged violations, and (4) that a final policymaking authority of Montebello ratified and approved of the officers' acts.  (Motion at 4-5).

Specifically, Defendant argues that a local governmental entity can only be sued where "a municipal policy or custom caused an alleged violation of constitutional rights."  (*Id.* at 8) (citing *Monell v. Dep't of Soc. Serv's. of City of New York*, 436 U.S. 658, 690 (1978) ("*Monell*")).  A plaintiff may assert the existence of a municipal policy in one of four ways:  (1) a formal policy officially endorsed by the municipality; (2) actions taken by the government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a failure by policy makers to train or supervise subordinates.  (*Id.*) (citing *Monell* at 690).  Defendant highlights the language from *Monell* which states that "a single incident alleged in a Complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy."  (*Id.*).

Defendant further argues that numerous courts, applying *Monell's* standard, "have repeatedly rejected conclusory *Monell* allegations that lack factual content from which one could plausibly infer *Monell* liability."  (*Id.* at 9) (citing case law).  In this instance, Montebello argues that Plaintiffs have failed to allege any facts tying Montebello to the actions of the DOE Defendants.  (*Id.*).  And, Defendant argues that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 19-6769-MWF-MAA | Date:  October 29, 2019 |
| Title:     Antranik Minassian et al. v. City of Montebello et al. | |

courts "have also refused to accept the anticipated argument that the need for discovery would override pleading a factual basis for liability under *Monell*." (*Id*. at 10) (citing *Via v. City of Fairfield*, 833 F. Supp. 2d 1189, 1196 (E.D. Cal. 2011)). Finally, Defendant argues that Plaintiffs cannot prevail under a ratification theory, because "failure to reprimand alone is not sufficient to establish ratification." (*Id*. at 11).

In opposition, Plaintiffs agree with the *Monell* standard articulated by Defendant, but argue that they have met *Monell* by alleging that the DOE Officers conduct "was the direct result of the City of Montebello's unconstitutional policies, failure to train, and/or the City's ratification of said unconstitutional conduct." (Opposition at 4).  For their ratification theory, Plaintiffs argue that they have met the required standard by their allegations in paragraphs 79-81 of the Complaint, including alleging that a final policy maker, ratified (or will ratify) Defendants' DOE Officers' acts and the bases for them.  (*Id*. at 5).  As additional support for this theory, Plaintiffs point to their allegation that "Defendants DOE Officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Decedent's death."  (*Id*.) (citing Complaint ¶ 90).  Plaintiffs argue that based on these allegations, a "reasonable inference can be drawn that a final policymaker approved the unconstitutional conduct of DOE Officers (on information and belief) as none of the officers involved in Decedent's death have been retrained, suspended, fired, or otherwise disciplined for their wrongful conduct against Decedent."  (*Id*.).

Plaintiffs further argue that their theory of inadequate training by Montebello satisfies *Monell* because there was a "policy of inaction" which includes "a failure to adequately train police officers…." (*Id*. at 6).  Specifically, Plaintiffs argue that, "[b]ased on the evidence presently available to Plaintiff[s] at this time, the Officers['] conduct of immediately and forcefully bringing [Decedent] to the ground, putting their body weight on him, handcuffing him, and leaving him handcuffed on the ground while he continued to struggle to breathe was a failure . . . to conform their conduct to basic law enforcement standards." (*Id*.).

Finally, Plaintiffs argue that their theory of unconstitutional custom, practice, and/or policy is sufficient because "a single instance would be sufficient if the

| | |
|---|---|
| **CIVIL MINUTES—GENERAL** | 8 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-6769-MWF-MAA				Date:  October 29, 2019
Title:	Antranik Minassian et al. v. City of Montebello et al.

unconstitutional act was taken pursuant to a municipal policy." (*Id*. at 7) (quoting case law). Plaintiffs point to their allegations where they "set forth numerous specific customs, policies, and/or practices alleged to have caused the constitutional violation" in Paragraph 86 of their Complaint. (*Id*. at 8-9). Because these policies and practices "were the moving force behind the violation of constitutional rights," Plaintiffs argue they have met their burden. (*Id*. at 9).

The Court agrees with Defendant. The parties agree that *Monell* governs this Motion, and that Plaintiffs seek to meet *Monell* with one of three theories: that the injury complained of was caused by (1) Montebello's unconstitutional policies, (2) Montebello's failure to train the DOE Officers, and/or (3) Montebello's ratification of the DOE Officers' conduct. The Court will examine each theory in turn.

As to Plaintiffs' first theory that Montebello's unconstitutional policies caused their injuries, Plaintiffs generally allege unconstitutional policies Montebello maintains and then allege that these policies were tied to Decedent's and Plaintiff's injuries. (Complaint ¶¶ 86-89). Defendant is correct that Plaintiffs must "specify the content of the policies, customs, or practices the execution of which gave rise to Plaintiffs' constitutional injuries." *Mateos-Sandoval v. Cty. of Sonoma*, 942 F. Supp. 2d 890, 900 (N.D. Cal. 2013), *aff'd sub nom. Sandoval v. Cty. of Sonoma*, 591 F. App'x 638 (9th Cir. 2015), *opinion amended and superseded on denial of reh'g*, 599 F. App'x 673 (9th Cir. 2015), *and aff'd sub nom. Sandoval v. Cty. of Sonoma*, 599 F. App'x 673 (9th Cir. 2015).

While Plaintiffs have attempted to provide more detail than the Court typically sees, it is still true here – as in virtually all other § 1983 cases – that these putative details are simply legal assertions with no support whatsoever.

In addition, the Complaint fails to sufficiently allege that any of the alleged policies *caused* Plaintiffs' injury. Merely stating that the policies were generally "linked to" the injury or were a "force behind" the injury is not enough. For instance, it is not clear why policies regarding police shootings or not reporting crimes committed by fellow police officers would have caused DOE Defendants to act the

---

**CIVIL MINUTES—GENERAL**                                                                9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-6769-MWF-MAA            **Date:** October 29, 2019
**Title:**     Antranik Minassian et al. v. City of Montebello et al.

way they are alleged to have acted, which involved neither guns nor crimes. Something more is required to sufficiently make this allegation, and Plaintiffs will have the opportunity to do so. *See Chandler v. City of Barstow*, No. EDCV 18-934 MWF (SPx), 2019 WL 926349, at *4 (C.D. Cal. Jan. 9, 2019) (Plaintiff must allege "proof that [the injury] was *caused* by an existing, unconstitutional . . . policy, which policy can be attributed to a . . . policymaker" in order to "impose liability under *Monell*.") (emphasis added).

      As to Plaintiffs' second theory that Montebello's failure to train the DOE Officers caused the injury here, Plaintiffs need to allege that Montebello "had a training policy that amounts to deliberate indifference to the constitutional rights of the persons' with whom its police officers are likely to come into contact." *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007). Here, the Complaint offers no *facts* that suggest the training offered by Montebello was insufficient. Instead, the Complaint offers conclusory allegations that the "training policies of Defendant Montebello were not adequate to train its officers to handle the usual and recurring situations with which they must deal." (Complaint ¶ 82). Without more, Plaintiffs cannot state a claim for *Monell* under this theory. *See Chandler*, 2019 WL 926349, at *5 (Plaintiffs failed to allege failure to train under *Monell* because they only "provide conclusory and general allegations about inadequate training, but no facts about what the training should have been or was actually provided to the Officers.").

      Finally, as to Plaintiffs' third theory that Montebello ratified the actions of the DOE Officers, the allegations in the Complaint are "far too vague," as they "rely[] on the conclusory contentions that unnamed officials knew all the details of the incident." *Id.* at *6. Additionally, the Complaint also does not "explain[] how these unnamed City officials approved the Officers' conduct or failed to discipline them," because ratification requires "more than acquiescence" and there "mere failure to discipline does not amount to ratification." *Id.* (citing *Jack v. Cnty. Of Stanislaus*, No. 17-cv-520-AWI, 2017 WL 4123930, at *7 (E.D. Cal. Sept. 15, 2017)).

      Accordingly, because Plaintiffs theories under *Monell* all fail, the Motion is **GRANTED *with leave to amend***, as to Plaintiffs' Fifth Claim for Relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-6769-MWF-MAA                    Date:  October 29, 2019
Title:    Antranik Minassian et al. v. City of Montebello et al.

## IV.  CONCLUSION

For the foregoing reasons, the Motion is **GRANTED** *with leave to amend* as to Plaintiffs' Fifth Claim.

Plaintiffs may file a First Amended Complaint ("FAC") on or before **November 12, 2019**.  Defendant shall file a response to the operative complaint, be it the Complaint or the FAC, by no later than **November 26, 2019**.

IT IS SO ORDERED.